UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK JEROME ALLEN (#295151)

VERSUS                                                CIVIL ACTION

ELMER LITCHFIELD, ET AL                               NUMBER 06-190-JJB-SCR

RULING ON MOTION FOR REHEARING

Before the court is the plaintiff's Motion Requesting a Rehearing on the Original Motion for Summary Judgment. Record document number 213.

Pro se plaintiff, while confined at East Baton Rouge Parish Prison, Scotlandville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Sheriff Elmer Litchfield, Warden Willie Douglas, the East Baton Rouge Parish Sheriff's Department, Mike Herpich and Capt. James Dawson. Plaintiff alleged that the inmates at East Baton Rouge Parish Prison are classified, i.e. assigned to cells or other housing, according to the inmate's race in violation of his right to equal protection under the Fourteenth Amendment.[1] Plaintiff amended his complaint to allege a retaliation and discrimination claim against Herpich as a result of his transfer to solitary confinement.[2]

On January 4, 2007, the plaintiff moved for summary judgment

---

[1] Plaintiff's claims against the East Baton Rouge Parish Sheriff's Office and James Dawson were previously dismissed. Record document number 186.

[2] Record document number 159.

on the claims raised in his original complaint.[3] On March 9, 2007, a magistrate judge's report was submitted to the district judge recommending that the plaintiff's motion for summary judgment be denied.[4] On April 2, 2007, the district court adopted the magistrate judge's report and recommendation denying the plaintiff's motion for summary judgment.[5]

Plaintiff moved for a rehearing on the January 4, 2007 motion for summary judgment. Plaintiff argued that he has obtained new evidence which "shows Sgt. Mike Herpich lied, committed a fraud upon this court, and upon the plaintiff, and also committed the crime of perjury, malfeasance in office, filing false public records, because he was under oath when he swore to that in that affidavit on 2 different times." Plaintiff argued that for these reasons he is entitled to summary judgment as a matter of law.

The evidence at issue is a redacted medical assessment and recommendation form of another unidentified prisoner. The document was signed by R. Scott and is dated April 26, 2007.[6] The medical form contains two sections: (1) Medical Diagnosis and (2) Recommendations. The medical diagnosis portion of the form contains several subcategories. The entire medical diagnosis

---

[3] Record document number 71.

[4] Record document number 92.

[5] Record document number 102.

[6] In his motion for rehearing, the plaintiff identified R. Scott as a nurse.

2

portion of the form has been crossed through. The recommendation portion of the form also contains subcategories. A check mark was placed adjacent to the "Other Recommendations" subcategory. Underneath was written the phrase: "Please consider moving inmate to K-2 more Hispanics there per Dr. Blanche."

The document was presumably prepared by a nurse at the direction of a physician, not a member of the classification department. The document does not reflect that any defendant received it or acted on the recommendation by medical personnel. The purported new evidence is insufficient to warrant a rehearing of the plaintiff's motion for summary judgment.

Accordingly, the plaintiff's Motion Requesting a Rehearing on the Original Motion for Summary Judgment is denied.

Baton Rouge, Louisiana, May 21st, 2008.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE